Argued and submitted February 10, reversed; determination order of September, 1981, as amended November, 1981 reinstated October 8, reconsideration denied November 21, petition for review denied December 30, 1986 (302 Or 461)

In the Matter of the Compensation of
Juan Alonzo, Claimant.

BENDIX HOME SYSTEMS, Employer,
through Underwriters Adjusting
Company, Administering Agent,
*Petitioner,*

*v.*

ALONZO,
*Respondent.*

(81-09123; CA A35933)

726 P2d 381

Patric J. Doherty, Portland, argued the cause for petitioner. With him on the brief were E. Kimbark MacColl, Jr., and Rankin, McMurry, VavRosky & Doherty, Portland.

Lynda D. St. Jean, Salem, argued the cause for respondent. With her on the brief was Allen, Stortz, Fox & Susee, Salem.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of a Workers' Compensation Board order which affirmed the referee's order granting claimant permanent total disability (PTD). Claimant's injury occurred in 1974; the claim was closed in 1976 with an award of 75 percent for an unscheduled back disability and 15 percent for a scheduled right leg disability. The claim was reopened and closed again in February, 1980, with no additional award of permanent disability. In October, 1980, the parties stipulated to awards of 90 percent unscheduled disability and 45 percent scheduled disability. Claimant had also filed an aggravation claim, which petitioner had denied. Pursuant to another stipulation, that denial was withdrawn and the claim was closed by a determination order pursuant to ORS 656.268 in September, 1981 (which was amended in November, 1981). That order made no award of disability in excess of the percentages agreed to in the 1980 stipulation, and claimant requested a hearing. The referee granted PTD, and the Board affirmed. On *de novo* review, we reverse.

Petitioner argues that the PTD award was erroneous, because claimant did not prove a permanent worsening of his condition since the last arrangement of compensation. In *Stepp v. SAIF*, 78 Or App 438, 717 P2d 216, *rev den* 301 Or 445 (1986), we stated that a determination of the extent of permanent disability cannot be relitigated in the guise of an aggravation claim and that additional permanent disability cannot be awarded unless the claimant proves a permanent worsening of the condition. *See also Davidson v. SAIF,* 79 Or App 448, 719 P2d 75 (1986). The determination order closing this aggravation claim did not grant any disability in addition to the amount stipulated to in 1980. Rather than determining whether a permanent worsening had occurred, the referee concluded that, "[w]hile claimant's condition has not worsened objectively, it is apparent claimant has attempted to work at two jobs and is unable to do so. Therefore, the determination issued on September 24, 1981, should have awarded claimant permanent total disability."

Claimant argues that he has suffered increased disability since the 1980 stipulation. In September, 1981, he told his doctor that his condition was really no different from what it had been, but at the October, 1982, hearing he testified that

his pain had increased during the year before the hearing. He also urges as evidence of increased pain that he had been forced to quit two jobs since the 1980 stipulation. However, his most recent job as an aide in a child care center was specifically designed to allow him to work within his limits. His vocational rehabilitation counselor reported that he quit that job when, on his first attempt, he could not get his pain medication prescription refilled. After the doctor approved the refill, claimant would not purchase the prescription, because he did not believe that he would be reimbursed. He refused to return to work, or to keep appointments with the counselor assisting him, even though his doctor had approved his return to work. The fact that claimant suffered pain while he worked does not prove that his condition had worsened.

The medical evidence since the 1980 stipulation comes from the treating physician, Dr. Fax. He reported that the aggravation was a "flare-up" of the old back injury, that claimant did not suffer further permanent problems but continued to have symptoms of that injury, that he should be able to continue his job indefinitely and that his physical condition is unchanged since earlier reports. We are satisfied that claimant has not suffered a permanent worsening of his condition and that his temporary flare-up did not leave him with any additional permanent impairment. The referee and Board erred in redetermining the extent of disability when claimant had failed to prove a permanent worsening of his compensable condition.

Reversed; the determination order of September, 1981, as amended November, 1981, is reinstated.